**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAYKAR GHAZARYAN; YERANUHI
ISAYAN,

              Petitioners,

   v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 11-73145

Agency Nos.     A099-405-506
                    A099-405-507

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Paykar Ghazaryan and Yeranuhi Isayan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Ghazaryan's claim that the police randomly beat him and others at two political demonstrations, took down his name, and that he later received threatening phone calls, did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the agency's finding that the harm Ghazaryan experienced as a result of his financial dispute with the general lacked a nexus to a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (record did not compel the conclusion that petitioner was attacked because of his political opinion and not a personal dispute); *cf. Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000) (exposure of corruption that is "inextricably intertwined with governmental operation" is political). The record does not compel the conclusion that Ghazaryan has a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's claim of future fear was speculative). Accordingly, petitioners' asylum claim fails.

11-73145

Because petitioners failed to meet the lower burden of proof for asylum, it follows that they have not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured by or with the acquiescence of the government of Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**